IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH BORNHORST, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 1:20-cv-3105 |
| ) | |
| vs. ) | |
| ) | |
| NOW COURIER, INC., ) | |
| And KYLE FARLEY, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Sarah Bornhorst, by counsel, and as her Complaint for Damages against Defendants, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Sarah Bornhorst (hereinafter "Plaintiff" or "Bornhorst"), is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2. Defendant, Now Courier, Inc. (hereinafter "Now Courier" or "Defendant"), is an employer as defined by the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq*., and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et. seq*., which conducts business in the State of Indiana.

3. Defendant, Kyle Farley, is an individual employed by the Defendant as its Chief Financial Officer.

4. Bornhorst filed a Charge of Discrimination (Charge No. 470-2020-02382) with the Equal Employment Opportunity Commission on or about April 28, 2020 and amended her

Charge on or about July 21, 2020, alleging *inter alia*, that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq*, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et. seq*.

5. The Equal Employment Opportunity Commission issued to Bornhorst a 90-day Right to Sue letter on September 29, 2020.

6. Bornhorst invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## GENERAL FACTS & SPECIFIC ALLEGATIONS

8. Plaintiff is a forty-five (45) year old female who worked for the Defendant as a Logistics Specialist beginning in July of 2019.

9. In July of 2019, Ms. Bornhorst complained to management that a coworker was making racist comments about another coworker.

10. Shortly thereafter, the Plaintiff was moved to the Annex building and told she would be a supervisor.

11. In October 2019, the Plaintiff was asked to train a younger male employee named Todd.

12. Once trained, Todd was offered the Annex supervisor position in order that Defendant could groom him to become a general manager.

13. Defendant asked her immediate supervisor why she was not given the Annex Supervisor position, and he told her that women are just too emotional for such a job.

14. Plaintiff complained to human resources that the failure to promote her to Annex Supervisor was discriminatory.

15.  In January, Todd was promoted to annex supervisor and another younger, male employee named Mitch was offered the general manager position.

16. On or about February 7, 2020, after the Plaintiff trained Todd and Mitch, the Defendant terminated her employment, claiming she had falsely accused Defendant of failing to issue her a W-2 with the correct social security number[1].

17.  During the termination process, Defendant representatives grabbed Plaintiff's hand and squeezed it, thereby causing reinjury to her nerves that had been damaged in a prior incident.

Count I
Age Discrimination – Now Courier

18.  Plaintiff incorporates by reference Paragraphs one (1) through seventeen (17) above.

19. Plaintiff is a forty-five (45) year old female is over the age of forty and thus a member of a protected class.

20. Plaintiff met all of Defendant's legitimate performance expectations.

21.  Defendant discriminated against Plaintiff on the basis of her age when failed to promote her to supervisor and instead promoted younger employees whom she was asked to train, and then subsequently terminated her employment after she had trained them.

22.  Defendant further discriminated against Plaintiff because of her age when it allowed a younger male employee named Ian to take Plaintiff's Saturday hours at the Annex.

23.  Plaintiff was treated less favorably than the younger employees who were given Saturday hours and those who were promoted to Annex Supervisor and/or not terminated.

24. Bornhorst's age was the reason for Defendant's failure to promote her, its decision to strip her of her Saturday hours, and its decision to terminate her employment.

---

[1] Defendant had double reported Plaintiff's income under two social security numbers that differed by one digit.

25.  As a result of the foregoing, Bornhorst suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

26. The Defendant's actions are in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, liquidated damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Count II
Sex Discrimination – Now Courier

27.  Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26) above.

28.  Plaintiff is a female who requested and was promised the position of Annex supervisor.

29.  Plaintiff was qualified for the position, but Defendant instead gave the position to two lesser qualified male employees.

30.  Defendant further discriminated against Plaintiff because of her sex when it gave Plaintiff's Saturday hours at the Annex to a younger male employee named Ian.

31. Plaintiff was treated less favorably than similarly situated male employees who were promoted to Annex supervisor, who were not stripped of their Saturday hours at the Annex, and/or were not terminated.

32. As a result of the foregoing, Bornhorst suffered damages, including but not limited to, lost wages and benefits, compensatory damages and attorney fees.

33. The Defendant's actions are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

### Count III
### Title VII Retaliation – Now Courier

34. Plaintiff incorporates by reference paragraphs one (1) through thirty-three (33) above.

35. During her employment with Defendant, Plaintiff complained to Defendant on multiple occasions that a coworker was making inappropriate comments of a racial nature about African-American employees.

36. Afterwards, Plaintiff was refused a promotion to the Annex supervisor position that had been promised her and eventually terminated her employment.

37. The reason Defendant failed to promote Plaintiff to Annex supervisor and terminated her employment was due to her complaints of race-based discrimination and her support for African-American coworkers.

38. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, compensatory damages, attorney fees and costs.

#### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, compensatory damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

### Count IV
### Assault - Farley

39. Plaintiff incorporates by reference paragraphs one (1) through thirty-eight (38) above.

40. During the course of Plaintiff's termination, Defendant's Chief Financial Officer, Kyle Farley, intentionally grabbed Plaintiff's hand, thereby causing Plaintiff to experience apprehension of imminent physical harm.

41. As a result of Defendant's intentional act resulting in Plaintiff's apprehension of imminent physical harm, Plaintiff suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

### Count V
### Battery - Farley

42. Plaintiff incorporates by reference paragraphs one (1) through forty-one (41) above.

43. During the course of Plaintiff's termination, Defendant's Chief Financial Officer, Kyle Farley intentionally grabbed Plaintiff's hand, thereby injuring Plaintiff's arm and back, and causing her harm in the form of a pinched nerve and further damage to her hand.

44. As a result of Defendant's intentional act resulting in Plaintiff's apprehension of imminent physical harm, Plaintiff suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax